UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:21-CR-0482-B |
| | § | |
| SHANE HOLTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Shane Holton ("Holton")'s Motion to Suppress Evidence (Doc. 25). For the reasons stated below, the Court **DENIES** the Motion.

## I.

## BACKGROUND

A.   *Factual Background*[1]

Police obtained two arrest warrants for Holton on June 30, 2022 after he allegedly assaulted a woman in Arlington, Texas. Doc. 26, Gov't's Resp. 1; *see* Doc. 26-1 (Arrest Warrant No. 1); Doc. 26-2 (Arrest Warrant No. 2). Police found Holton in two adjoining hotel rooms at a hotel in Irving, Texas with furniture barricading at least one of the doors. *Id.* at 2; Doc. 27, Def.'s Reply 2. Police loudly knocked on the hotel room door to alert Holton of their presence. When Holton did not emerge on his own, police deployed "flashbangs and teargas" and later sent in a canine in an attempt

---

[1] This recitation of the facts is drawn from the parties' briefing, exhibits, and testimony provided at the motion hearing. *See* Doc. 25, Def.'s Mot. Suppress; Doc. 26, Gov't's Resp.; Doc.26-1–Doc.26-4, Gov't's Exs.; Doc. 27, Def.'s Reply; Doc.27-1–Doc. 27-2, Def.'s Exs. A certified transcript has not been filed in this case, but the Court has reviewed the rough transcripts in considering this motion.

to subdue Holton. Doc. 26, Gov't's Resp. 2; Doc. 25, Def.'s Mot. Suppress 1. As a result, Holton was injured and taken to the hospital. Doc 25, Def.'s Mot. Suppress 1; Doc. 26, Gov't's Resp. 2–3.

After arresting Holton, police identified a clear, plastic bin containing "potential silencer parts." Doc. 25, Def.'s Mot. Suppress 2. Once obtaining a search warrant to search the two hotel rooms for cell phones, police recovered additional evidence from Holton's hotel room, including "two firearms, and a white Samsung cellular telephone." Doc. 26, Gov't's Resp. 8; *see* Doc. 26, Ex. 4 (Search Warrant); Doc. 25, Def.'s Mot. Suppress 2. Both firearms were found under Holton's mattress while searching for the cell phones. One firearm had been modified to include a "vertical fore grip . . . so that it could be fired using two hands[]" and "accept a silencer." Doc. 26, Gov't's Resp. 5.

B.  *Procedural History*

Holton is charged with Possession of an Unregistered Firearm Silencer. Doc. 1, Indictment. On September 6, 2022, Holton filed a Motion to Suppress Evidence (Doc. 25) challenging the evidence obtained from the allegedly warrantless search of his hotel rooms, to the extent that officers entered and searched his rooms before the search warrant was signed and authorized. *See* Doc. 25, Def.'s Mot. Suppress 2–4. Holton also argues that "even if the search was conducted after the search warrant was signed, items were seized–that are not readily identifiable as contraband–that were not authorized to be seized by the search warrant." *Id.* at 4. The Government responded to the motion on September 19, 2022. *See* Doc. 26, Gov't's Resp. Holton filed his reply on September 26, 2022. The Court considers the Motion below.

## II.

## LEGAL STANDARDS

*A.     The Fourth Amendment and Warrantless Searches*

The Fourth Amendment of the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and further provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. "To supplement the bare text, [the Supreme Court] created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231–32 (2011).

Though "warrantless searches are per se unreasonable under the Fourth Amendment," there are several well-established exceptions to the warrant requirement. *United States v. Montemayor*, 670 F. App'x 864, 865 (5th Cir. 2016) (per curiam). First, "[l]aw enforcement officers may seize anything they find in plain view without a search warrant." *United States v. Munoz*, 150 F.3d 401, 411 (5th Cir. 1998). An item is in plain view if "(1) the police lawfully entered the area where the item was located; (2) the item was in plain view; (3) the incriminating nature of the item was 'immediately apparent;' and (4) the police had a lawful right of access to the item." *United States v. Rodriguez*, 601 F.3d 402, 407 (5th Cir. 2010). "The incriminating nature of an item is 'immediately apparent' when the police have 'probable cause' to believe that the item is evidence of a crime or contraband." *Id.* at 407. Second, in addition to the plain view doctrine, "[a]ny arrest may be accompanied by a search 'incident to the arrest' of the immediate vicinity, limited to areas in which weapons might be found, regardless of probable cause or reasonable suspicion." *United States v. Virgil,* 444 F.3d 447, 451 (5th Cir. 2006). "The immediate vicinity may include even closed closets and other spaces." *Id.*

B.     *Motions to Suppress*

To suppress evidence on Fourth Amendment grounds, "[t]he party seeking suppression 'has the burden of proving, by a preponderance of the evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights.'" *United States v. Wallace*, 885 F.3d 806, 809 (5th Cir. 2018). But this burden may shift if the challenged police action occurred without a warrant, because "warrantless searches and seizures are *per se* unreasonable unless one of the recognized exceptions applies." *United States v. Thomas*, 997 F.3d 603, 609 (5th Cir. 2021). Thus, if the movant makes a preliminary showing that a search or seizure occurred without a warrant, the burden shifts to the prosecution to show "that [the] warrantless search or seizure fits within one of the [recognized] exceptions" to the warrant requirement. *Id.*

## III.

## ANALYSIS

A.     *Evidence Obtained from the Allegedly Early Search of Holton's Hotel Rooms*

The Court will first address Holton's argument that all evidence obtained from the search of his hotel rooms should be excluded as unlawfully obtained without a warrant. Doc. 25, Def.'s Mot. Suppress 3–4. The Government counters that any evidence obtained from Holton's hotel rooms was obtained either pursuant to the search warrant or pursuant to a recognized exception to the search warrant requirement. Doc. 26, Gov't's Resp. 9–10.

The Court finds that the Government easily meets its burden of proving that the search fell into one of the recognized exceptions to the warrant requirement. The police had two valid arrest warrants[2] that allowed them to enter the hotel rooms prior to obtaining a search warrant. *See* Doc.

---

[2] Holton has not challenged the validity of the arrest warrants, so the Court will presume that the arrest warrants were valid.

26-1 (Arrest Warrant No. 1); Doc. 26-2 (Arrest Warrant No. 2); *Payton v. New York*, 445 U.S. 573, 603 (1980) ("[A]n arrest warrant . . . carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.").

The Court finds that the plain view doctrine allowed the officers to seize the silencer parts discovered while arresting Holton. The police lawfully entered the hotel room and had a lawful right of access to the silencer parts due to the two arrest warrants. The silencer parts, found in an open, clear plastic bin on the hotel room floor, were in plain view. *See United States v. Villarreal*, 963 F.2d 770, 773 (5th Cir. 1992) ("Individuals can manifest legitimate expectations of privacy by placing items in closed, *opaque* containers that conceal their contents from plain view.") (emphasis added); *see e.g., United States v. Williams*, 41 F.3d 192, 197 (4th Cir. 1994) ("[W]hen a container is not closed, or transparent, or when its distinctive configuration proclaims its contents, the container supports no reasonable expectation of privacy and the contents can be said to be in plain view.").

The incriminating nature of the silencer parts was also immediately apparent. No person may "receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 586(d). Firearms include "any silencer." 26 U.S.C. § 5845(a)(7). A firearm silencer includes "*any combination of parts, designed or redesigned.*" 18 U.S.C. § 921(a)(4)(c) (emphasis added). As such, the mere presence of the silencer parts in the hotel room made their incriminating nature immediately apparent. *See United States v. Tidrow*, 2018 WL 2221531, at *5 (N.D. Tex. May 15, 2018) (finding the incriminating nature of a homemade suppressor immediately apparent); *see also United States v. Poulos*, 895 F.2d 1113, 1122 (6th Cir. 1990) (concluding "that the silencer component parts seized were, by their very nature, intrinsically suspicious, and that their criminality was immediately apparent"), *abrogated on other grounds by Horton*, 496 U.S. at 153.

Finally, even if the evidence was not in plain view when seized, the Court finds that the evidence was lawfully seized during a search incident to arrest. While executing the arrest, "the officers had authority to conduct a search of the area immediately surrounding the place where the arrest was made." *See United States v. Jackson*, 596 F.3d 236, 241 (5th Cir. 2010) (citing *Virgil*, 444 F.3d at 451). This search would have lead to the discovery and lawful seizure of the silencer parts.

B.  *Evidence Obtained After the Search Warrant Was Signed*

Next, the Court addresses Holton's contention that the two firearms were illegally seized because they "were not authorized to be seized by the search warrant." *See* Doc. 25, Def.'s Mot. Suppress 3.  Here, the Court finds that the firearms were lawfully seized. Because the warrant authorized police to seize two cell phones, during their search, the officers could lawfully "take steps to reveal the item[s,]" such as look under Holton's mattress and discover the firearms. *United States v. Pickens*, 2013 WL 1155414, at *10–11 (N.D. Tex. Mar. 21, 2013) ("Provided that the search remains within the scope delineated by the warrant—i.e., limiting the search to places where items identified in the warrant could be concealed—the seizure of incriminating items found during that search is permitted."), *aff'd*, 575 F. App'x 288 (5th Cir. 2014).

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Holton's Motion to Suppress (Doc. 25).

**SO ORDERED.**

**SIGNED: October 3, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE